UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALICIA M. PEDREIRA, et al.                                    PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:00CV-210-S

KENTUCKY BAPTIST HOMES FOR CHILDREN, INC., et al.           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiffs, Alicia M. Pedreira, et al., for leave to file a Second Amended Complaint in this action alleging violations of the Establishment Clause of the First Amendment, Title VII, and the Kentucky Civil Rights Act.  The defendants, Kentucky Baptist Homes for Children, Inc. ("KBHC") and the Commonwealth of Kentucky oppose the proposed amendment.

This action arose from the discharge of plaintiff Alicia Pedreira from her employment as a Family Specialist at Spring Meadows Children's Home, a facility owned and operated by KBHC. The termination statement stated that she was being terminated from KBHC "because her admitted homosexual lifestyle is contrary to Kentucky Baptist Homes for Children core values."  Pedreira's lesbian lifestyle apparently became known to KBHC when a photograph taken of her together with her acknowledged life partner was displayed at the Kentucky State Fair.  In essence, the suit sought to redress alleged religious discrimination by KBHC in its employment practices and challenged the constitutionality of the provision of federal and state monies by the Commonwealth to KBHC. Plaintiff taxpayers alleged that Kentucky's funding of KBHC violated the Establishment Clause because (1) KBHC uses public funds for religious indoctrination of the children entrusted to its care, and (2) KBHC is a pervasively sectarian institution and, as such, is ineligible to receive such funds.

The original complaint, filed in April, 2000, was tested early in the litigation through dispositive motions. In July of 2001, the court issued a ruling addressing the viability of various claims. The plaintiffs sought to interlocutorily appeal the portions of our decision which dismissed the claims of employment discrimination, and dismissed the Establishment Clause claim to the extent that it was grounded on the premise that KBHC's employment practices constituted religious discrimination. The appeals were dismissed for lack of appellate jurisdiction.

On April 16, 2003, the court entered a memorandum opinion and order finding taxpayer standing to bring an Establishment Clause challenge to the provision of state and federal funds to KBHC. Prior to ruling on this matter, the court ordered the plaintiffs to supplement the record. As noted in the memorandum opinion,

> Plaintiffs allege that the payment of these funds to KBHC violates the Establishment Clause because KBHC is a pervasively sectarian institution. The court felt it appropriate to examine whether such allegation was mere rhetoric, or whether it had an arguable evidentiary basis. From the exhibits submitted, we find a sufficient basis to confer taxpayer standing.

In that same order, the court permitted the filing of the plaintiffs' Amended Complaint which more particularly detailed the facts underlying the contention that KBHC is a private, pervasively sectarian institution. There is no allegation whatsoever in the Amended Complaint that KBHC is a state actor.

The plaintiffs continued through November of 2003 to premise standing to bring their Establishment Clause claim on the pervasively sectarian doctrine. *See ie.*, DN 127. The interlocutory appeals were dismissed by the Sixth Circuit in February, 2004. Nothing was done in the case until the court ordered the filing of status reports over one year later. DN 135.

Mediation was attempted and failed. Counsel changed, parties changed, and the United States Magistrate Judge then set deadlines to urge the case along. The action has now been pending before this court for nearly seven years.

The plaintiffs seek to file a Second Amended Complaint which contains a number of tide-shifting amendments.[1]  The plaintiffs seek to assert at this late date that KBHC is a state actor, and they posit a new theory of recovery which would materially change the exposure of KBHC in this action.

The plaintiffs contend that the amendment should be permitted in accordance with Fed.R.Civ.P. 15(a) which provides that such "leave shall be freely given when justice so requires." The grant of leave to amend pursuant to this rule is, however, discretionary with the court.  *See, Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401, U.S. 321,  *Foman v. Davis*, 371. U.S. 178, 83 S.Ct. 227, 9. L.Ed.2d 222 (1962).

As noted in *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981), the court must balance the considerations of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting a busy district court from being imposed upon by the presentation of theories *seriatim*.  *Gregory*, 634 F.2d at 203.  Here, the plaintiffs clearly had ample opportunity to present their claims.  Indeed, the complaint was already amended once to further clarify and amplify the claims.  The prejudice to the defendants and the imposition upon court resources in further protracting this litigation militates against our application of Rule 15(a)'s liberal amendment policy in this case.  We find undue delay here, and, significantly, no articulation of any reason for the delay in seeking these pivotal changes to the claims.[2]  "At some point in time delay on the part of a

---

[1]The proposed Second Amended Complaint also seeks to make a number of innocuous "housekeeping" changes, to correct the names of representative parties and counsel, etc. which are not of concern to the court at this time.

[2]We reject out of hand the plaintiffs' contention that these proposed changes merely restate what was already pled in the complaint or suggested to the defendants.

plaintiff can be procedurally fatal." *Gregory, Id.*[3]  This court therefore concludes in its discretion that amendment must be denied.

For the reasons set forth hereinabove, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, for leave to file a Second Amended Complaint is **DENIED**.

---

[3]We find *Ziegler v. IBP Hog Market Inc.*, 249 F.3d 509 (6th Cir. 2001) to be of little value herein.  The delay in seeking amendment in that case was a mere two months, thus the case is factually inapposite.  Additionally, while the court cited the general rule concerning liberal application of Rule 15(a), the matter on appeal was the district court's legal conclusion concerning futility.  The plaintiffs have cited no other authority in support of their motion for leave to amend.