UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALICIA M. PEDREIRA, *et al.*                                              PLAINTIFFS

v.                                                CIVIL ACTION NO. 3:00-CV-00210

KENTUCKY BAPTIST HOMES
FOR CHILDREN, INC., *et al.*                                         DEFENDANTS

### <u>MEMORANDUM OPINION</u>

This matter is before the court on motions for attorney fees and costs made by Defendant

Kentucky Baptist Homes for Children, Inc., ("KBHC") (DN 312) and by Defendant Kentucky

Cabinet for Families and Children (DN 311), and on a supplemental motion for attorney fees and

costs made by KBHC (DN 328). Pursuant to this court's order, Magistrate Judge James D. Moyer

issued a report and recommendation, recommending that this court deny the motions (DN 410).

KBHC filed an objection to the report and recommendation (DN 417). For the reasons stated herein,

the court agrees with the Magistrate Judge's report and recommendation that the motions for

attorney fees and costs should be denied.

### I. BACKGROUND

The allegations and background in this case are familiar to all involved and are detailed

in the most recent Sixth Circuit opinion in this case. *Pedreira v. Kentucky Babtist Homes For*

*Children, Inc.*, 579 F.3d 722 (6th Cir. 2009). Thus, this court will provide only a short

procedural history.

In 2000, Alicia Pedreira and Karen Vance brought suit against KBHC, alleging that KBHC's policy of firing and not hiring gay and lesbian employees violated Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act. In addition, Pedreira, Vance, and six Kentucky taxpayers brought claims against the Cabinet for Families and Children and the KBHC, alleging violations of the Establishment Clause of the First Amendment.

In 2001, this court dismissed Pedreira's and Vance's claims of employment discrimination, finding that sexual orientation was not a protected class under either Title VII or the Kentucky Civil Rights Act, and that Pedreira and Vance failed to state a claim upon which relief could be granted with respect to their claim that they were discriminated against because of their refusal to comply with KBHC's religion. However, this court declined to dismiss the plaintiffs' Establishment Clause claim. In 2003, the defendants moved for judgment on the pleadings on the ground that the plaintiffs did not have standing to bring allegations of violations of the Establishment Clause. This court denied that motion. In March of 2008, however, this court found that the recent Supreme Court opinion in *Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587 (2007), narrowed taxpayer standing and thus granted renewed motions to dismiss made by the defendants. The plaintiffs appealed to the Sixth Circuit. On August 31, 2009, the Sixth Circuit affirmed the dismissal of the employment discrimination claims, but reversed this court's order dismissing the Establishment Clause claims. *Pedreira v. Kentucky Baptist Homes For Children, Inc.*, 579 F.3d 722.

Meanwhile, in 2008, after this court had dismissed the plaintiffs' Establishment Clause claims, both KBHC and the Cabinet for Families and Children filed motions for attorney fees and costs. This court administratively remanded the defendants' motions for attorney fees and

costs from the docket of pending motions, to be reinstated upon completion of the appeal

process. After the Sixth Circuit rendered its decision, KBHC filed a motion for supplemental

attorney's fees and costs.

At that point, this court referred the attorney fees motions to Magistrate Judge James D.

Moyer for a report and recommendation regarding their disposition. The Magistrate Judge

recommended that this court deny the defendants' requests. In particular, the Magistrate Judge

concluded that the case had been hard fought by all parties, "who have not shied from

encouraging the courts to expand the boundaries of precedent." The Magistrate Judge continued

that "[i]t would be inaccurate" to "characterize any of the claims as frivolous, unreasonable, or

without any foundation, or to characterize the energetic advocacy of plaintiffs' counsel as an

unreasonable or vexatious multiplication of the proceedings." Indeed, noted the Magistrate

Judge, "[p]ushing the envelope of constitutional and statutory analyses is different from

frivolity." KBHC has objected to the report and recommendation, the plaintiffs have filed a

response to those objections, and KBHC has submitted reply papers. Having been  fully briefed

by the parties and considered by the Magistrate Judge, the motions for attorney fees and costs are

now ripe for decision.

## II. KBHC'S MOTION AND SUPPLEMENTAL MOTION
## FOR ATTORNEY FEES AND COSTS

A. Standard of Review

Pursuant to Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, this court referred

the motions for attorney's fees and costs to the Magistrate Judge, who issued a report and

recommendation. This court reviews de novo any part of the Magistrate Judge's report and

recommendation that the parties objected to. FED. R. CIV. P. 72(b)(3). KBHC has vigorously objected to the Magistrate Judge's order in virtually all respects.

B. The 42 U.S.C. § 1988 and 28 U.S.C. § 1927 Claims

In certain civil rights cases, 42 U.S.C. § 1988 provides that the court may, in its discretion, allow the "prevailing party" to collect "a reasonable attorney's fee as part of the costs." When a plaintiff prevails in a civil rights action, the plaintiff is ordinarily entitled to recover attorney fees from the defendant because the plaintiff is acting as a "private attorney general" and "vindicating a policy that Congress considered of the highest priority." *Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011) (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) (per curiam)). However, the determination of whether to award attorney fees to a prevailing defendant is made "under a different standard reflecting the 'quite different equitable considerations' at stake." *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416 (1978)). Thus, § 1988 authorizes a court to award attorney fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421. And in applying that criteria, courts should not engage in the *post hoc* reasoning that since the plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. *Id.* at 421-422. Instead, "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.* at 422. Additionally, 28 U.S.C. § 1927 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

This court agrees with the Magistrate Judge that, although the plaintiffs did not ultimately prevail on their employment discrimination claim, that claim was not frivolous or unreasonable, and the plaintiffs' attorneys were not vexatious in their advancement and litigation of that claim. While it is true that this court and the Sixth Circuit found that the plaintiffs did not state a claim for relief on their employment discrimination claims, that, by itself, does not mean that the plaintiffs' claims were frivolous. *See Tahfs v. Proctor*, 316 F.3d 584, 595-596 (6th Cir. 2003) (reversing Rule 11 sanctions and an award of attorney's fees where a complaint was deemed inadequate, but the complaint was not frivolous).

This court dismissed the plaintiffs' religious discrimination in employment claim because, although the plaintiffs alleged that KBHC made employment decisions based on their religious objection to homosexuality, the plaintiffs did not allege any facts about their own religious beliefs, nor did they allege that their sexual orientation was premised on their religious beliefs or lack thereof. *Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 186 F. Supp. 2d 757, 761 (W.D.Ky. 2001). The Sixth Circuit affirmed the dismissal of Pedreira's claim on that ground, also finding that Vance's claim was barred because she had not established standing. *Pedreira*, 579 F.3d at 728. As defendants point out, the Sixth Circuit and this court both relied on *Hall v. Baptist Mem'l Health Care Corp.*, 215 F.3d 618, 624 (6th Cir. 2000), which was decided just a couple of months prior to the filing of the plaintiffs' complaint, and which supported the view that an employer does not run afoul of Title VII's religious discrimination prohibition by firing an employee based solely on the fact that the employee's sexual orientation is contrary to the employer's religious beliefs.

But the fact that *Hall* contained language that was contrary to the substance of the employment discrimination claim made by the plaintiffs does not end the story. The plaintiffs have pointed, both in their response papers to the motion for attorney fees and their response papers to the motion to dismiss, to cases that, arguably at least, supported the position that their complaint was sufficient. For instance, in, *Venters v. City of Delphi*, 123 F.3d 956 (7th Cir. 1997), the Seventh Circuit employed language suggesting that to sustain a claim of religious discrimination under Title VII, a plaintiff need not necessarily allege anything regarding the plaintiff's own religion, but only needs to allege that the plaintiff's actions did not meet his or her employer's religious expectations. Specifically, the Seventh Circuit stated:

> "[P]roperly understood, [the plaintiff's] claim is not that [the employer] refused to accommodate her religious practices in some way, but that she was discharged because she did not measure up to [the employer's] religious expectations. What matters in this context is not so much what [the plaintiffs'] own religious beliefs were, but [the employer's] asserted perception that she did not share [the employer's] own. She need not put a label on her own religious beliefs, therefore, or demonstrate that she communicated her religious status and needs as she would if she were complaining that [an employer] had failed to accommodate a particular religious practice. [The plaintiff] need only show that her perceived religious shortcomings . . . played a motivating role in her discharge."

*Venters*, 123 F.3d at 972. At the very least, under the language quoted above from *Venters*, Pedreira's allegation that she was fired because her sexual orientation was incompatible with KBHC's religious beliefs was not frivolous. While *Venters* may be distinguishable, and while this Circuit has not embraced such broad statements concerning the scope of religious employment discrimination claims, it is also true that the plaintiffs' decision to push for such a broad interpretation is not unreasonable or without basis.  As the Magistrate Judge noted, the fact that the parties "have not shied from encouraging the courts to expand the boundaries of precedent" does not render the claims frivolous or unreasonable.

KBHC argues that the plaintiffs were not trying to push the boundaries of precedent; instead, KBHC contends, the plaintiffs argued that their claims were supported by existing law. However, that the plaintiffs attempted to support their claims with existing law and distinguish cases to the contrary, such as *Hall*, hardly means that they were not attempting to "expand the boundaries of precedent." Rather, it simply shows that, even as the plaintiffs sought to present a claim that had not been embraced by the Sixth Circuit, they also sought to show that the claim was not precluded by other cases and could, in fact, fit within existing precedent. In other words, the plaintiffs, even in pushing for a broad view of religious discrimination claims, were entitled to also explain why that view would be consistent with existing precedent.

KBHC further contends that the fact that the plaintiffs did not to seek review by the Sixth Circuit *en banc* or by the Supreme Court of the decision denying their employment discrimination claims exemplified that the plaintiffs were not seeking to expand the boundaries of precedent. But there could be any number of reasons why the plaintiffs ultimately decided not to seek review of that claim and instead focus their energies on the Establishment Clause claim that was reinstated by the Sixth Circuit decision. Simply put, that the plaintiffs did not seek *en banc* or Supreme Court review of the Sixth Circuit decision does not render their claims frivolous.

Additionally, KBHC contends that it is entitled to attorney fees and expenses for its opposition to the plaintiffs' motion for leave to amend its complaint to assert that KBHC was a state actor for the Establishment Clause claim. To be sure, this court denied that motion for leave to amend. However, the court did so in its discretion based on a purely procedural ground–timeliness–and not because the claim was futile and without merit, much less because it

was frivolous. Nor were the plaintiffs' attorneys vexatious in attempting to advance such a theory. Thus, even to the extent that KBHC could be deemed to be a "prevailing party" on the state actor claim that was never formally asserted, this court declines to find that KBHC is entitled to attorney fees and costs for opposing the plaintiffs' motion for leave to amend.

In short, this court declines to award to KBHC attorney fees and costs because the plaintiffs' claims against KBHC, while rejected by this court and the Sixth Circuit, were not unreasonable or frivolous. Likewise, the plaintiffs' attorneys' pursuit of the claims against KBHC was not vexatious, and thus sanctions under 28 U.S.C. § 1927 are not appropriate.

B. The Court's Inherent Powers to Award Attorney's Fees

This court retains the inherent power to sanction attorneys for conduct that abuses the judicial process. *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010). In the Sixth Circuit, courts apply a three-prong test to determine whether to impose such sanctions. Before imposing such sanctions, the court must determine: 1) that the claims advanced were meritless; 2) that counsel either knew or should have know that the claims were meritless; and 3) that the motive for filing the suite was for an improper purpose, such as harassment. *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (1997) (quoting *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1375 (6th Cir. 1987). In order to impose sanctions under its inherent authority, a court "must find *something more* than that a party knowingly pursued a mertiless claim or action at any stage of the proceedings." *BDT Prods.*, 602 F.3d at 753 (emphasis in original).

Here, sanctions under the court's inherent power are inappropriate because the court does not find that the plaintiffs or their attorneys pursued their claims against KBHC in bad faith, as

- 8 -

required under the third prong of the test. KBHC argues that the plaintiffs' attorneys' bad faith was demonstrated by various press releases issued by the plaintiffs' attorneys and by organizations supporting them. However, those press releases showed only that the plaintiffs and their attorneys felt that the lawsuit had a legal basis, disagreed with the dispositions by this court of their claims, and felt that KBHC's actions were discriminatory and, at the very least, should be illegal even if this court ruled that they did not violate Title VII. That the plaintiffs hoped that the outcome of their claim would have been different does not mean that the lawsuit was filed in bad faith or for an improper purpose; to the contrary, it shows that the plaintiffs brought the lawsuit for an entirely proper purpose. Moreover, some of the press releases KBHC points to pertain to the political views of the plaintiffs and their attorneys and supporters. This court is loathe to sanction the plaintiffs or their attorneys for exercising their right to free speech in voicing their views on political topics.

C. The Rule 54 Claims

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that a court may tax costs, other than attorney's fees, to the prevailing party. The particular costs that can be taxed are detailed in 28 U.S.C. § 1920. *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005).

This court finds that it is appropriate to await a final judgment before determining whether and how to tax costs in this action. Rule 54 relates to final judgments, and it is in that context that Rule 54(d)(1) allows costs to be taxed to the "prevailing party." Thus, "[u]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." Wright & Miller, *Federal Practice & Procedure* § 2667. While, at the time KBHC filed its

motion requesting costs, it was undoubtedly the "prevailing party" on a final judgment, that final judgment has been reversed and one of the plaintiffs' claims reinstated. Because the action remains pending, this court finds it premature to make any determination as to taxable costs.[1]

### III. THE CABINET FOR FAMILIES AND CHILDREN'S MOTION FOR ATTORNEY FEES AND COSTS

The motion made by the Cabinet for Families and Children is easily disposed of. At the time that the Cabinet made its motion, this court had dismissed the plaintiffs' Establishment Clause claim on the ground that the plaintiffs did not have standing pursuant to the recent Supreme Court decision in *Hein*. Thus, the Cabinet was a prevailing party on that claim. In its motion, it asserted that the plaintiffs were without a good faith basis to claim taxpayer standing, and that the plaintiffs' claim was therefore frivolous, unreasonable, and groundless. The Sixth Circuit subsequently reversed this court's dismissal of the plaintiffs' Establishment Clause claim. *Pedreira*, 579 F.3d 722. After that reversal, the Cabinet is no longer a prevailing party. Thus, the Cabinet's motion for attorney's fees and costs will be denied.

### IV. CONCLUSION

The defendants' motions for attorney fees and costs will be denied. A separate order will issue in accordance with this opinion.

March 26, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

---

[1] KBHC notes that it only remains as a "nominal Rule 19 party" to the plaintiffs' Establishment Clause claim as a justification for awarding costs under 28 U.S.C. § 1920 without delay. Nevertheless, nominal or not, KBHC remains a defendant in the case, has an interest in the outcome and, further, could be expending more money that would be taxable as costs to the plaintiffs if judgment were ultimately entered in the defendants' favor on the Establishment Clause claim. Thus, this court finds that the most appropriate action at this point is to deny KBHC's request for costs pending any final judgment in this action.