UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALICIA M. PEDREIRA et al.                                                    PLAINTIFFS

v.                                                  CIVIL ACTION NO. 3:00-cv-210-S

KENTUCKY BAPTIST HOMES FOR
CHILDREN, INC., et al.                                             DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the plaintiffs, Alicia M. Pedreira, et al., ("Plaintiffs"), for leave to file the Second Amended Complaint (DN 418). The defendant, Sunrise Children's Services, Inc. f/k/a Kentucky Baptist Homes for Children, Inc. ("KBHC"), has responded and raised several objections (DN 424). Reviewing the pleadings, we find that the motion for leave to file the proposed Second Amended Complaint should be granted.

The allegations and background in this case are well-known to those involved and were set out in detail in the most recent Sixth Circuit opinion in this case. *Pedreira v. Kentucky Baptist Homes For Children, Inc.*, 579 F.3d 722 (6th Cir. 2009). Therefore, a detailed recitation will not be necessary here, and we will provide only a general outline of the history most relevant to this opinion.

On March 31, 2008, this court entered an order granting a motion of the defendants, KBHC, Janie Miller and J. Michael Brown (together, the "Commonwealth Defendants"), to dismiss the Establishment Clause claim alleged by Plaintiffs for lack of taxpayer standing. *See* (DN 308). We

further denied Plaintiffs' motion for leave to amend as futile, because we held that even with the amendments, the claim failed as the taxpayer plaintiffs did not have standing. *Id*.

On August 31, 2009, the Sixth Circuit reversed the dismissal of Plaintiffs' Establishment Clause claim, holding that Plaintiffs have standing as state taxpayers. *Pedreira*, 579 F.3d at 733. The Sixth Circuit also held that "to the extent that the second amended complaint and supporting documents clarified the plaintiffs' standing arguments," it was error to deny "the plaintiffs' motion for leave to amend with respect to the amendments regarding standing only." *Id*. On remand, the parties agreed that Plaintiffs would file a new Second Amended Complaint to conform to the Sixth Circuit's decision and Plaintiffs shared with all the defendants the proposed Second Amended Complaint. *See* (DN 418). The Commonwealth Defendants consented to the filling of the Second Amended Complaint. However, KBHC refused to consent and filed a response to Plaintiffs' motion for leave to file the Second Amended Complaint. *Id*.

KBHC raises four objections to the latest version of the complaint tendered by Plaintiffs, which include: (1) the proposed pleading identifies KBHC by the name "Kentucky Baptist Homes for Children, Inc.," rather than by the entity's new legal name, "Sunrise Children's Services, Inc.;" (2) the proposed pleading is "demonstrably incorrect because it asserts, contrary to the record developed in discovery, that KBHC uses public funds to 'pay' for employee salaries and religious activities;" (3) the use of the term "discriminatory" in the proposed pleading because it confuses the issues left in the case; and (4) the framing of the Plaintiffs' Establishment Clause claim, arguing it is not in conformity with the law of the case. *See* (DN 424). We will address each of these objections in turn.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiffs may amend their pleadings with leave of the court after an initial amendment, and such leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). "While this is a liberal standard, the district court need not grant leave to amend if there is evidence of delay, prejudice, or futility." *Dean v. City of Bay City, Mich.*, 239 Fed. Appx. 107, 111 (6th Cir. 2007).

First, We find that KBHC's objection to the use of the acronym "KBHC" does not warrant denial of the motion for leave to file the proposed pleading. The defendant argues that currently, no entity named "Kentucky Baptist Homes for Children, Inc." exists because in February of 2007, the entity's name was officially changed to "Sunrise Children's Services, Inc." Thus, the defendant argues that the use of "KBHC" would cause "ambiguity or confusion." (DN 424). However, this case has been ongoing since 2000 and throughout all the relevant time periods for this case, the entity was named "Kentucky Baptist Homes for Children, Inc." Therefore, we find that Plaintiffs' motion for leave to file the Second Amended Complaint should not be denied on this basis.

Second, KBHC argues that the "proposed Second Amended Complaint is demonstrably incorrect because it asserts, contrary to the record developed in discovery, that KBHC uses public funds to 'pay' for employee salaries and religious activities." *Id*. Citing to Fed.R.Civ.P. Rule 11(b)(3), KBHC further states that "[w]hile it is common for a defendant to contest the truth of the allegations within the complaint, here Plaintiffs have had the benefit of voluminous discovery, and must be expected to frame their pleadings consistent with the record." *Id*. Plaintiffs counter that the allegations complained of by KBHC were drafted with input from the Commonwealth Defendants' counsel and argues that in fact they have ample evidence from discovery to support the allegations. (DN 427). Reviewing the record, we conclude that because evidence exists which

supports Plaintiffs' claims, KBHC's denial of the allegations is not an adequate basis on which to deny Plaintiffs' motion for leave to file the proposed Second Amended Complaint.

Third, KBHC also objects to the use of the term "discriminatory" by Plaintiffs throughout the proposed Second Amended Complaint. KBHC notes that Plaintiffs allege that KBHC maintains a "religiously-motivated employment policy and discriminatory stance concerning homosexuality." (DN 424) (citing the Proposed Second Amended Complaint, ¶¶ 37-40, 42-44). KBHC argues that because this court and the Sixth Circuit have both held that Plaintiffs' employment discrimination claims are meritless, Plaintiffs' description of KBHC's employment policy as "discriminatory" in the most recent proposed amended complaint confuses the issues. *Id*. Plaintiffs argue that "discriminatory" has a lay meaning outside of its legal significance and that in a bench trial of their Establishment Clause claim, the court will not be confused by its use. We agree with Plaintiffs. The Sixth Circuit stated in its opinion in this case that "the fact that Pedreira has not presented an employment discrimination claim based on her termination does not mean that KBHC's hiring practices are not relevant for the First Amendment inquiry." *Pedreira*, 579 F.3d at 733-34. Therefore, Plaintiffs are entitled to present evidence of KBHC's hiring practices to support their Establishment Clause claim. Although we found that these hiring practices did not support an employment discrimination claim under Federal or State law, we do not find that Plaintiffs' use of the term "discriminatory" to describe KBHC's hiring practices as support for their Establishment Clause claim should warrant denial of Plaintiffs' motion. We are confident the court will not confuse the issues in a bench trial, especially considering the lengthy history of this case.

Last, KBHC objects to the most recent framing of Plaintiffs' Establishment Clause claim in the proposed Second Amended Complaint. KBHC states that it "purports to resurrect an

Establishment Clause claim on grounds that this Court and the Sixth Circuit have already unanimously rejected," arguing that the proposed Second Amended Complaint pursues a substantive Establishment Clause claim based on KBHC's employment policy. (DN 424). Plaintiffs argue that the proposed Second Amended Complaint was "specifically modified" to state that KBHC's employment policy "constitutes evidence of an Establishment Clause violation, as opposed to a violation itself, in accordance with the Sixth Circuit's ruling on this issue." (DN 427) (internal citations omitted).

Reviewing the amended proposed pleading and the Sixth Circuit's decision, we find that Plaintiffs' proposed Establishment Clause claim is framed in accordance with the Sixth Circuit's opinion. The Sixth Circuit held:

> The termination of Pedreira based on her sexual orientation is not a violation of the Establishment Clause, because, as noted above, she has not established discrimination based on religion.
> However, the fact that Pedreira has not presented an employment discrimination claim based on her termination does not mean that KBHC's hiring practices are not relevant for the First Amendment inquiry. In fact, courts routinely look to employment policies to shed light on the sectarian nature of an institution for purposes of the Establishment Clause. *See e.g., Roemer v. Bd. of Public Works of Md.*, 426 U.S. 736, 757, 96 S.Ct. 2337, 49 L.Ed.2d 179 (1976); *Comm. for Pub. Educ. & Religious Liberty v. Nyquist*, 413 U.S. 756, 767-68, 93 S.Ct. 2955, 37 L.Ed.2d 948 (1973); *Hunt v. McNair*, 413 U.S. 734, 743-44, 93 S.Ct. 2868, 37 L.Ed.2d 923 (1973); *Johnson* [*v. Econ. Dev. Corp. of the Cnty. of Oakland*, 241 F.3d 501, 504-05 (6th Cir. 2001)]; *see also Columbia Union Coll. v. Clarke*, 159 F.3d 151, 163 (4th Cir.. 1998) (adopting a four-factor test based on Supreme Court precedent for the determination of whether a school is pervasively sectarian for First Amendment purposes that includes "how much do the religious preferences shape the ... hiring and student admission processes" as a factor). KBHC concedes that its policy of firing and not hiring gays and lesbians is religiously inspired. Although a religiously inspired employee conduct rule is not sufficient to constitute a discrimination on the basis of religion, it is relevant to an inquiry under the Establishment Clause. We thus reverse the district court's dismissal of this portion of the plaintiffs' First Amendment claim to the extent that it prohibits plaintiffs from presenting evidence of KBHC's hiring practices.

*Pedreira*, 579 F.3d at 733-34.

Plaintiffs have modified the proposed amended complaint to allege that the hiring practices and employment policy of KBHC are "evidence of" an Establishment Clause violation. Plaintiffs include several other allegations with regard to their Establishment Clause claim about religious activity at KBHC. Plaintiffs do not rely solely on KBHC's employment policy to support their Establishment Clause claim. Therefore, we do not find that this objection by KBHC is a sufficient justification to deny Plaintiffs' motion for leave to file the proposed Second Amendment Complaint.

An order consistent with this opinion will be entered this date.

July 5, 2012

Charles R. Simpson III, Judge
United States District Court

D02