UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALICIA M. PEDREIRA, et al.                                                                          PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:00CV-210-S

SUNRISE CHILDREN'S SERVICES, INC.,
f/k/a KENTUCKY BAPTIST HOMES FOR
CHILDREN, INC., et al.                                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

      This matter is before the court for consideration of the objections of the defendant, Sunrise Children's Services, Inc., f/k/a Kentucky Baptist Homes for Children, Inc., to the March 22, 2013 order of United States Magistrate Judge James D. Moyer staying all proceedings in this case until a settlement agreement which has been reached in principle is finalized.

      This action began with the filing of the initial complaint against Sunrise and the Commonwealth of Kentucky in April, 2000 alleging discrimination in employment on the basis of religion and violation of the Establishment Clause. The long and winding road that has been traveled to this point in the litigation is immaterial to this opinion. We need only note that, with the 2009 affirmance of the dismissal of the employment claims by the United States Court of Appeals for the Sixth Circuit, no claims remain against Sunrise. After remand of the Establishment Clause claim to the district court in 2011, the parties began to actively negotiate a settlement of the case.

      A Second Amended Complaint was filed, consistent with the ruling of the Court of Appeals. (DN 439). The plaintiffs were prohibited from bringing an Establishment Clause claim directly against Sunrise. The Second Amended Complaint evidences that Sunrise's presence in the action

was grounded in Rule 19 of the Federal Rules of Civil Procedure, as Sunrise was joined in the remaining Establishment Clause claim for purposes of affording complete relief among the existing parties. The relief sought in the Second Amended Complaint was limited to

(1) a declaration that the Commonwealth of Kentucky has violated the Establishment Clause of the First Amendment of the United States Constitution by funding Sunrise, a purported pervasively religious entity;

(2) an order enjoining the Commonwealth of Kentucky from providing further funding to Sunrise for services so long as they seek to instill Christian values and teachings to youth in Sunrise's care; and

(3) an award of costs and attorney's fees.

Sunrise has, in many respects, sought to pull the oar in this litigation, as the issues raised in the case potentially impact Sunrise's contracts with the Commonwealth and challenge the incorporation of Sunrise's moral and religious principles in its business practices. Sunrise filed a motion for summary judgment addressing the merits of the Establishment Clause claim seeking to refute the claim of a violation. (DN 480). The Commonwealth joined in the motion.

On March 19, 2013, before the motion was fully briefed, the plaintiffs and the Commonwealth entered into a settlement agreement which resolved all claims between them. (*See* DN 502-2). The agreement requires the Commonwealth to make certain modifications to their procedures and contracts with private child-caring facilities and child-placing agencies. Upon the completion of certain preparatory steps by the Commonwealth delineated in the Settlement Agreement, the agreement will become effective. In the meantime, the plaintiffs and the Commonwealth jointly requested a stay of the case pending the finalizing of the Settlement

Agreement and voluntary dismissal of the action with prejudice. The magistrate judge stayed the action shortly after the motion was filed. Sunrise objects to the stay on the ground that it was not afforded an opportunity to respond to the motion. It objects to the settlement on the ground that it imposes "obligations" on Sunrise without affording it the opportunity to further litigate the merits of the claim in issue.

The court finds Sunrise's objections to be without merit.

To the extent that Sunrise was improperly foreclosed from objecting to a stay, the matter has been full rectified by the fulsome review of Sunrise's objections to the order.

Further, Sunrise's contention that the settlement between the plaintiffs and the Commonwealth effectively precludes further litigation of the merits of the Establishment Clause claim provides Sunrise no means to prevent its entry. The Settlement Agreement resolves the only remaining claim in the case, a claim which was brought against the Commonwealth. The Settlement Agreement requires the Commonwealth to modify the terms of its contracts with private facilities. Contrary to the contention of Sunrise, the Settlement Agreement does not (nor could it) impose "obligations" upon Sunrise without its consent. Rather, certain "obligations" may arise in the event that Sunrise chooses to enter into contracts with the Commonwealth in the future. These "obligations" would not imposed by operation of the Settlement Agreement, but rather would be voluntarily assumed by Sunrise as a result of the changes in the Commonwealth's contracts and procedures. The parties' choice to settle its dispute prior to a judicial determination on the merits is a garden variety occurrence of which Sunrise cannot be heard to complain. However, in advance of a final settlement and agreement to dismiss the action, the court cannot state with certainty the outcome of these issues.

The objections of Sunrise are overruled, and the order of the magistrate judge staying the action is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

May 2, 2013

**Charles R. Simpson III, Senior Judge
United States District Court**